UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PATRICK MICHAEL O'REILLY,<br><br>　　　　　　　Defendant. | Case No.: CR 21-207-DMG<br><br>**CRIMINAL MOTION AND TRIAL ORDER**<br><br>Pretrial Conference:<br>**June 16, 2021 at 2:30 p.m.**<br><br>Trial Date:<br>**June 29, 2021 at 8:30 a.m.** |

**A.　MOTIONS**

　　1.　Counsel must meet and confer with opposing counsel and attempt to resolve the issue before filing a motion.  Pretrial motions, including motions *in limine*, shall be filed no later than four weeks before the Pretrial Conference.  Opposition (or notice of non-opposition) shall be filed no later than one week after the filing of the motion.  A reply, if any, shall be filed no later than one week after the filing of the opposition.  Replies relating to motions *in limine* are not accepted absent leave of court.  Counsel must follow the Central District's General Orders and Local Rules concerning electronic filing, unless superseded by this Order.

　　2.　Hearings on motions are held on **Wednesdays at 2:00 p.m.**, unless otherwise set by the Court.

3. All papers shall be served personally, electronically mailed, or faxed to opposing counsel no later than 4:30 p.m. on the day of filing, with conformed Chambers copies of documents delivered to the Court's Clerk's Office Window on the 4th floor of the First Street courthouse. Paper Chambers copies are mandatory.

4. Counsel shall meet and confer with opposing counsel to informally resolve discovery disputes prior to filing a motion for discovery. All discovery motions shall state with particularity what is requested, the basis for the request, whether discovery has been requested, and opposing counsel's response to such request. Motions made without prior consultation with opposing counsel may not be heard.

5. *Ex parte* applications are disfavored. Counsel should obtain the agreement (or at least the position) of opposing counsel before filing such an application.

**B.  FILINGS UNDER SEAL**

Counsel shall comply with the instructions posted on the Court's website at the "Judges' Procedures and Schedules" link and the pdf attachment entitled "DMG Under Seal Instruction - CRIMINAL CASES ONLY" located at that link.

**C.  DISCOVERY & NOTICE**

Counsel shall comply promptly with discovery and notice pursuant to Rules 12, 12.1, 12.2, 12.3, 12.4, 15, and 16 of the Federal Rules of Criminal Procedure. On government counsel's discovery of any evidence within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be produced forthwith to defense counsel. Government counsel shall also disclose to defense counsel the existence or non-existence of (1) evidence obtained by electronic surveillance and (2) testimony by a government informant.

## D.     TRIAL REQUIREMENTS

1. **No later than one week before trial**, government counsel shall file with the Court a trial memorandum setting forth a factual summary of the government's case, a statement of the charges and the elements of each charge, an estimate of the length of the government's case in chief, including anticipated cross-examination, the names of witnesses the government intends to call, and a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. Government counsel shall attempt to obtain defense counsel's agreement to the factual summary, statement of the charges, time estimate for cross-examination of the government's witnesses (using the attached sample "Joint Trial Witness Estimate" form), and legal and evidentiary issues.

2. Counsel shall arrive at the Courtroom no later than 8:30 a.m. on the first day of trial.

3. Government counsel shall present the CRD with the following documents on the first day of trial:

    a. Three copies of the government's witness list, which shall also be sent in Word or WordPerfect format to the Chambers e-mail box;

    b. Three copies of the government's exhibit list in the form specified in the attached sample, which shall also be sent in Word or WordPerfect format to the Chambers e-mail box;

    c. One set of three-ring binder(s) containing all of the government's original exhibits, with official exhibit tags attached and bearing the same number shown on the exhibit list. Digital exhibit tags are available on the Court's website under Court Forms > General Forms > Form G-14A (plaintiff) and G-14B (defendant). Digital exhibit tags may be used in place of the tags obtained from the Clerk's Office. Exhibits shall be numbered 1, 2, 3, etc., <u>NOT</u> 1.1, 1.2, etc. If a "blow-up" is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A"; and

        d.      Two sets of three-ring binders containing a copy of all exhibits that can be reproduced for use by the Court and witnesses. Each exhibit shall be tabbed with the exhibit number for easy reference.

    4.      Exhibits such as firearms, narcotics, etc., must remain in the custody of a law enforcement agent during the pendency of the trial. It shall be the responsibility of the agent to produce any such items for court, secure them at night, and guard them at all times while in the courtroom.

    5.      The Court prefers that defense counsel deliver defense exhibits to the CRD on the first day of trial, but counsel are not required to do so unless these exhibits have previously been provided to the government. Defense counsel are responsible for affixing completed exhibit tags with the case name and case number to all exhibits to be used in defendant's case.

    6.      In trials where the defense expects to admit more than 20 exhibits, defense counsel shall provide two three-ring binders (one for the Court and one for witnesses), tabbed if possible with numbers to correspond to the exhibits counsel expects to introduce. Defense counsel shall provide the Court with a copy of defense exhibits as they are introduced during trial, if they have not previously been provided.

    7.      Defense counsel shall provide the CRD and the court reporter with the defense witness list and defense exhibit list.

    8.      A copy of the exhibit list with all **admitted exhibits** will be given to the jury during deliberations. Government and defense counsel shall review and approve the exhibit list with the CRD before the list is given to the jury.

    9.      If any counsel wishes to arrange for the use of additional equipment, such as video monitors, overhead projectors, etc., counsel shall notify the CRD no later than 4:00 p.m. at least one week before trial so that the necessary arrangements may be made in advance of trial.

10. Counsel shall not attempt to display or use any demonstratives, charts, or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made by the Court.

11. On the day of jury selection, trial will begin at 9:00 a.m. Counsel will appear at 8:30 a.m. Thereafter, trial hours are from 9:00 a.m. to 4:00 p.m., with two fifteen-minute breaks and a 75 minute lunch break, unless otherwise ordered by the Court. When necessary, trials may continue beyond the normal schedule.

12. On the day of jury selection, the Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters. Jury selection will commence promptly at 9:00 a.m. or as soon as jurors are available. All counsel must anticipate matters that may need to be addressed outside of the presence of the jury and raise them during this period, during breaks, or at the end of the day. The Court does not make jurors wait while counsel discuss matters that should have been addressed previously. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise and to advise the Court of such issues. Short briefs (no more than five pages) addressing such disputed issues are welcome. The Court discourages sidebars during trial.

13. Should government counsel wish to order transcripts, they shall provide agency authorization to the court reporter at the time the request is made.

14. Any party requesting special court reporter services for any hearing (e.g., real time transmission, daily transcripts) shall notify the reporter at least two weeks before the hearing date.

E. **JURY INSTRUCTIONS, VERDICT FORMS & QUESTIONNAIRES**

1. **No later than one week before trial**, counsel shall submit both general and substantive jury instructions in the form described below. If possible, all instructions should be taken from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (West Publishing, current edition). Where no applicable Ninth Circuit model

instruction is available, counsel should consult the instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (West Publishing Co., current edition).  Counsel may submit alternatives to the Ninth Circuit model jury instructions or O'Malley, Grenig & Lee instructions only if counsel has a reasoned argument that those instructions do not properly state the law or they are incomplete.

2. The parties must submit JOINT jury instructions and a JOINT proposed verdict form.  In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing on instructions and verdict forms.  Where the parties cannot agree, disputed instructions shall be submitted at least one week before trial as follows:  (1) JOINT jury instructions (those instructions agreed to by all parties), and (2) DISPUTED jury instructions (those instructions propounded by a party to which another party objects).  On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction.  On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction.  Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

3. Jury instructions should be modified as necessary to fit the facts of the case (*e.g.*, inserting names of defendant(s) or witness(es) to whom instruction applies).  Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text.

4. An index page shall accompany all jury instructions submitted to the Court.  The index page shall indicate the following:

    a. The number of the instruction;

    b. A brief title of the instruction;

    c. The source of the instruction; and

    d. The page number of the instruction.

**EXAMPLE:**

| Number | Title | Source | Page Number |
|---|---|---|---|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

  5. One or more copies of the instructions will be given to the jury during deliberations. Accordingly, counsel must submit to the Chambers e-mail (dmg_chambers@cacd.uscourts.gov) a "clean" set of all instructions in Word or WordPerfect format, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. ____" (eliminating titles, supporting authority, indication of party proposing, etc.). A paper Chambers copy must also be submitted.

  6. Counsel shall submit a joint proposed verdict form with the jury instructions.

  7. At least one week before trial, each counsel must file any proposed questions to be asked of prospective jurors.

  8. The Court, in its discretion, may display certain *voir dire* questions and jury instructions on the large screen inside the courtroom.

**F. INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL**

  1. Counsel shall not refer to any witness – including a client – over 14 years of age by his/her first name during trial.

  2. Counsel shall not discuss the law or argue the case in opening statements.

  3. No "speaking objections" are allowed. Counsel shall not use objections for the purpose of making a speech, repeating testimony, or attempting to guide the witness. When objecting, counsel shall stand, state only the legal ground of the objection, *e.g.*, hearsay, irrelevant, etc. Counsel shall not argue an objection before the jury. Requests to approach sidebar to further argue an objection should be made sparingly and may not be granted.

  4. Counsel shall not make facial expressions, nod, or shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion

or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

5. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

6. Counsel shall question witnesses from the lectern. Counsel shall not approach the witness box or enter the well without the Court's permission, and shall return to the lectern when counsel's purpose has been accomplished.

7. Counsel should speak clearly when questioning witnesses, making objections, etc.

8. No document shall be placed before a witness unless a copy has been provided to the Court and opposing counsel. Counsel may consider such devices as overhead projectors, jury notebooks for admitted exhibits, or enlargements of important exhibits. The Court has an Elmo and other equipment available for use during trial. Counsel may call the CRD if they wish to visit when the Court is not in session to practice using the equipment. The Court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed briefly using the screen in the courtroom, unless the process becomes too time-consuming.

9. Water is permitted in the courtroom. Food is not permitted in the courtroom.

10. Counsel shall rise when addressing the Court, including when objecting to opposing counsel's questions. In jury trials, counsel, designated case agents and the defendant shall rise when the jury enters or leaves the courtroom. Special procedures or exceptions may apply when the defendant is in custody or restrained.

11. In trial, all remarks shall be addressed to the Court. Counsel shall not directly address the CRD, the court reporter, or opposing counsel. All requests for re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court

12. Counsel should not offer a stipulation without having conferred with opposing counsel and having reached an agreement. Any stipulation of fact will require defendant's personal concurrence and shall be submitted to the Court in writing for approval. A proposed stipulation should be explained to defendant in advance.

13. While court is in session, counsel shall not leave counsel table to confer with investigators, paralegals, secretaries, witnesses, etc. unless permission is granted in advance.

14. When a party has more than one lawyer, only one lawyer may conduct the examination of a given witness, and only that same lawyer may handle objections during the testimony of that witness.

15. If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

16. Counsel are directed to have witnesses available throughout the court day. If no witnesses are available and there is more than a brief delay, the Court may deem counsel to have rested.

17. The Court attempts to cooperate with expert witnesses and other professionals and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel should anticipate any scheduling issues and discuss them with opposing counsel. If there is an objection, counsel shall confer with the Court in advance.

18. Counsel must notify the CRD in advance if any witness should be accommodated based on the Americans with Disabilities Act or for other reasons.

19. Counsel shall be on time, as the Court makes every effort to start promptly.

IT IS SO ORDERED.

DATED: May 19, 2021

                                                     DOLLY M. GEE
                                           UNITED STATES DISTRICT JUDGE

JOINT TRIAL WITNESS TIME ESTIMATE FORM

_____                                    _____

CASE                                                                                                                  TRIAL DATE:

|   | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTI0N OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 |   |   |   |   |   |
| 2 |   |   |   |   |   |
| 3 |   |   |   |   |   |
| 4 |   |   |   |   |   |
| 5 |   |   |   |   |   |
|   | TOTAL ESTIMATES THIS PAGE: |   |   |   |   |

Instructions:

(1) List witnesses (last name first); (2) for Description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25.  An estimate of one and one-half hours would be 1.5.  An estimate of three-quarters of an hour would be .75; (4) note special factors in "Comments" column, e.g., "Needs interpreter;" (5) entries may be in handwriting if neat and legible.

ATTACHMENT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  | ) | CASE NO.: CR - DMG |
|---|---|---|
| Plaintiff(s), | ) | EXHIBIT LIST |
| v. | ) | SAMPLE FORMAT |
| Defendant(s). | ) | |

| EX. No. | DESCRIPTION | DATE IDENTIFIED | DATE ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

[*An asterisk shall be placed next to exhibits which a party may offer if the need arises.]

ATTACHMENT B