TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2229
    Facsimile: (213) 894-0141
    E-mail:    james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>PATRICK MICHAEL O'REILLY,<br>  aka "Patrick Reilly,"<br><br>      Defendant. | No. CR 2:21-00207-DMG<br><br>PLEA AGREEMENT FOR DEFENDANT<br>PATRICK MICHAEL O'REILLY |

    1.   This constitutes the plea agreement between Patrick Michael O'Reilly, also known as "Patrick Reilly," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts three and five of the indictment in United States v. Patrick Michael O'Reilly, CR No. 21-00207-DMG, which charge defendant with possession of a fraudulent seal of a department or agency of the United States in violation of 18 U.S.C. § 506(a)(3) and possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(4).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following condition of supervised release: defendant shall refrain from any contact with P.S., directly or indirectly, including contact in-person or any form of communication, including third-party contact, mail, telephone, email, and social media.

3.   Defendant further agrees:

1          a.   To the abandonment to the United States of any

2    interest of the defendant in the following accessories, seized by law

3    enforcement on or about September 9, 2020: all binders bearing the

4    official insignia of the Department of Homeland Security ("DHS"), all

5    police lights, all tactical vests, California Exempt license plates,

6    the badge with the DHS insignia, all identification cards marked as

7    "Federal Protective Service Executive Protection" or identifying him

8    as law enforcement, any magazines for firearms that have not already

9    been forfeited, and all batons.

10          b.   To acknowledgement by defendant that he is the sole

11   owner of the seized accessories and that no other person or entity

12   has an interest in the seized accessories.

13          c.   To complete any legal documents (including, but not

14   limited to, an ATF Form 3400.1 – Abandonment) required for the

15   transfer of title of the seized accessories to the United States

16                        THE USAO'S OBLIGATIONS

17   4.   The USAO agrees to:

18          a.   Not contest facts agreed to in this agreement.

19          b.   Abide by all agreements regarding sentencing contained

20   in this agreement.

21          c.   At the time of sentencing, move to dismiss the

22   remaining counts of the indictment as against defendant.  Defendant

23   agrees, however, that at the time of sentencing the Court may

24   consider any dismissed charges in determining the applicable

25   Sentencing Guidelines range, the propriety and extent of any

26   departure from that range, and the sentence to be imposed.

27          d.   At the time of sentencing, provided that defendant

28   demonstrates an acceptance of responsibility for the offenses up to

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.  Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 1956 (money laundering); and 18 U.S.C. § 1017 (government seals wrongfully used) arising out of defendant's solicitation of investors between 2017 and 2021 based on his stated affiliation with law enforcement agencies.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.  With respect to counts three and five, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 21 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

4

1

## NATURE OF THE OFFENSES

2    5.    Defendant understands that for defendant to be guilty of

3 the crime charged in count three, that is possession of a fraudulent

4 seal of a department or agency of the United States, in violation of

5 Title 18, United States Code, Section 506(a)(3), the following must

6 be true:

7         a.    First, defendant possessed any seal of any department

8 or agency of the United States or any facsimile thereof;

9         b.    Second, defendant knew that the seal was falsely made,

10 forged, counterfeited, mutilated, or altered; and

11        c.    Third, defendant acted with fraudulent intent.

12    6.    Defendant understands that for defendant to be guilty of

13 the crime charged in count five, that is, possession of firearms by a

14 prohibited person, in violation of Title 18, United States Code,

15 Section 922(g)(4), the following must be true:

16        a.    First, defendant knowingly possessed a firearm;

17        b.    Second, the firearm had been transported from one

18 state to another, or between a foreign nation and the United States;

19        c.    Third, at the time defendant possessed the firearm,

20 defendant had been adjudicated as a mental defective or had been

21 committed to a mental institution; and

22        d.    Fourth, at the time defendant possessed the firearm,

23 defendant knew that he was a prohibited person.

24

## PENALTIES

25    7.    Defendant understands that the statutory maximum sentence

26 that the Court can impose for a violation of Title 18, United States

27 Code, Section 506(a)(3), is: 5 years imprisonment; a 3-year period of

28 supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(4), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that

it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about September 9, 2020, in Los Angeles County, within the Central District of California, defendant knowingly possessed 19 firearms, knowing that he had been previously adjudicated as a mental defective.  Additionally, with fraudulent intent, defendant possessed a counterfeit and fraudulently made seal of a department and agency of the United States, namely, a law enforcement badge bearing the Department of Homeland Security ("DHS") seal, knowing that the DHS seal was falsely made and counterfeited.

Beginning in or around 2017, defendant began representing himself to others as a law enforcement officer who provided security at federal facilities.  He claimed to work for the DHS and the Federal Protective Service ("FPS").  He also started a registered corporation called "Federal Protective Service Executive Protection Limited" and created the website federalprotectiveservice.com.  In connection with those activities, defendant obtained a counterfeit badge, multiple police-style vehicles, official binders with the DHS seal, and tactical gear.

On April 14, 2019 in Riverside County, California, defendant pretended to be an employee and contractor of the DHS and FPS at the Coachella music festival and displayed a fraudulent badge in an attempt to escort individuals into the event.  On February 18, 2020 in Los Angeles County, California, defendant drove a vehicle equipped

with police lights and a siren, while wearing tactical gear and possessing a binder that contained a DHS security guard manual that was marked "For Official Use Only" and bore a falsely made and counterfeited DHS seal.  On March 6, 2021, after being pulled over for driving a car without a front license plate, defendant told the police officer that he was a police officer and showed the officer a binder that contained a DHS security guard manual that was marked "For Official Use Only" and bore a falsely made and counterfeited DHS seal.

On September 9, 2020 defendant possessed multiple items associated with law enforcement in two apartments in the same building in Hollywood, California.  Specifically, defendant had firearm holsters; two-way radios; batons; tactical gear; a Personal Identity Verification (PIV) card from "Federal Protective Services Executive Protection" with his picture identifying himself as a "Federal Protective Services Protective Security Officer"; two Dodge Charger police style vehicles with emergency lights, push bumpers, and binders with the DHS seal labeled "Federal Protective Service Security Guard Information Manual" "For Official Use Only"; a Ford Explorer Police Interceptor with emergency lights, push bumpers, and another binder with the DHS seal; and a fraudulent law enforcement badge depicting the official DHS insignia and engraving stating, "U.S. Department of Homeland Security."  Defendant knew that the badge was falsely made because he purchased it on May 17, 2017 through an online vendor for law enforcement despite not being a DHS or FPS employee and acted with fraudulent intent to use it when he pretended to be a law enforcement officer.

On September 9, 2020, defendant also knowingly possessed 19
firearms, all of which had been transported from one state to
another, or between a foreign nation and the United States,
including: (1) a Smith & Wesson, Model M&P 15-22, .22 LR caliber
rifle, bearing serial number HCT4140, manufactured for Smith & Wesson
by Deep River Plastics in Deep River, Connecticut and sent to Smith &
Wesson in Springfield, Massachusetts for assembly; (2) a Glock, Model
19, 9mm caliber pistol, bearing serial number BCXF779, manufactured
by Glock G.m.b.H. in Austria; (3) a Sig Sauer, Model P320, 9mm
caliber pistol, bearing serial number 58C028405, manufactured by Sig
Sauer in New Hampshire; (4) a Glock, Model 30, .45 caliber pistol,
bearing serial number BFTK362, manufactured by Glock G.m.b.H. in
Austria; (5) a Glock, Model 23, .40 caliber pistol, bearing serial
number SXD226, manufactured by Glock G.m.b.H. in Austria; (6) a
Glock, Model 22, .40 caliber pistol, bearing serial number PLG664,
manufactured by Glock G.m.b.H. in Austria; (7) a Glock, Model 21, .45
caliber pistol, bearing serial number TEU156, manufactured by Glock
G.m.b.H. in Austria; (8) a Glock, Model 43, 9mm caliber pistol,
bearing serial number ACTC299, manufactured by Glock Inc. in Georgia;
(9) a Glock, Model 26, 9mm caliber pistol, bearing serial number
BGXD408, manufactured by Glock G.m.b.H. in Austria; (10) a Glock,
Model 17, 9mm caliber pistol, bearing serial number BGME287,
manufactured by Glock G.m.b.H. in Austria; (11) a Smith & Wesson,
Model M&P 15, 5.56 caliber rifle, bearing serial number TJ24304, with
a receiver manufactured for Smith & Wesson by L.W. Schneider in
Princeton, Illinois and sent to Smith & Wesson in Springfield,
Massachusetts for assembly; (12) a Smith & Wesson, Model M&P 10, .308
caliber rifle, bearing serial number KN39015, with a receiver

10

manufactured for Smith & Wesson by L.W. Schneider in Princeton, Illinois and sent to Smith & Wesson in Springfield, Massachusetts for assembly; (13) a Smith & Wesson, Model M&P 9 Shield, 9mm caliber pistol, bearing serial number LFD2680 with a frame manufactured for Smith & Wesson by HTI Plastics in Lincoln, Nebraska and sent to Smith & Wesson in Springfield, Massachusetts for assembly; (14) a Glock, Model 42, .380 caliber pistol, bearing serial number ACPT877, manufactured by Glock Inc. in Georgia; (15) a Glock, Model 30, .45 caliber pistol, bearing serial number SRS843, manufactured by Glock G.m.b.H. in Austria; (16) a Remington, Model 700, .308 caliber rifle, bearing serial number RR40701E, manufactured by the Remington Arms Co. in New York; (17) a Kel-Tec, Model Sub-2000, 9mm caliber rifle, bearing serial number FNZ49, manufactured by Kel-Tec CNC Industries in Florida; (18) a Colt, Model M-4 Carbine, 5.56 caliber rifle, bearing serial number LE111771, manufactured by Colt Firearms in Connecticut; and (19) a Remington, Model 870, 12 gauge shotgun, bearing serial number RS15277H, manufactured by Remington Arms Co. in New York.  He also possessed seven high-capacity magazines.

At the time of defendant's knowing possession of the firearms, defendant knew that he was prohibited from possessing or purchasing any firearm because he had been previously adjudicated as a mental defective or committed to a mental institution.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15.  Defendant and the USAO agree to the following applicable sentencing guideline factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2K2.1(a)(4)(B) |
| Number of Firearms 8-24: | +4 | U.S.S.G. § 2K2.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history.  Defendant understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2   (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4       18.   Defendant understands that by pleading guilty, defendant
5   gives up the following rights:

6           a.   The right to persist in a plea of not guilty.

7           b.   The right to a speedy and public trial by jury.

8           c.   The right to be represented by counsel -- and if
9   necessary have the Court appoint counsel -- at trial.  Defendant
10  understands, however, that, defendant retains the right to be
11  represented by counsel -- and if necessary have the Court appoint
12  counsel -- at every other stage of the proceeding.

13          d.   The right to be presumed innocent and to have the
14  burden of proof placed on the government to prove defendant guilty
15  beyond a reasonable doubt.

16          e.   The right to confront and cross-examine witnesses
17  against defendant.

18          f.   The right to testify and to present evidence in
19  opposition to the charges, including the right to compel the
20  attendance of witnesses to testify.

21          g.   The right not to be compelled to testify, and, if
22  defendant chose not to testify or present evidence, to have that
23  choice not be used against defendant.

24          h.   Any and all rights to pursue any affirmative defenses,
25  Fourth Amendment or Fifth Amendment claims, and other pretrial
26  motions that have been filed or could be filed.

27

28

## WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL

20.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions

14

mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and the prohibition on any contact with P.S., directly or indirectly, including contact in-person or any form of communication, including third-party contact, mail, telephone, email, and social media.

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

2      23.  Defendant agrees that if any count of conviction is

3  vacated, reversed, or set aside, the USAO may: (a) ask the Court to

4  resentence defendant on any remaining count of conviction, with both

5  the USAO and defendant being released from any stipulations regarding

6  sentencing contained in this agreement, (b) ask the Court to void the

7  entire plea agreement and vacate defendant's guilty plea on any

8  remaining counts of conviction, with both the USAO and defendant

9  being released from all their obligations under this agreement, or

10  (c) leave defendant's remaining conviction, sentence, and plea

11  agreement intact.  Defendant agrees that the choice among these three

12  options rests in the exclusive discretion of the USAO.

13

EFFECTIVE DATE OF AGREEMENT

14      24.  This agreement is effective upon signature and execution of

15  all required certifications by defendant, defendant's counsel, and an

16  Assistant United States Attorney.

17

BREACH OF AGREEMENT

18      25.  Defendant agrees that if defendant, at any time after the

19  signature of this agreement and execution of all required

20  certifications by defendant, defendant's counsel, and an Assistant

21  United States Attorney, knowingly violates or fails to perform any of

22  defendant's obligations under this agreement ("a breach"), the USAO

23  may declare this agreement breached.  All of defendant's obligations

24  are material, a single breach of this agreement is sufficient for the

25  USAO to declare a breach, and defendant shall not be deemed to have

26  cured a breach without the express agreement of the USAO in writing.

27  If the USAO declares this agreement breached, and the Court finds

28  such a breach to have occurred, then: (a) if defendant has previously

16

entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

31.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____          Feb. 22, 2022
JAMES A. SANTIAGO                   _____
Assistant United States Attorney   Date

_____          February 18, 2022
PATRICK MICHAEL O'REILLY            _____
Defendant                          Date

_____          February 18, 2022
LISA LABARRE                        _____
Deputy Federal Public Defender     Date
Attorney for Defendant
Patrick Michael O'Reilly

19

1

CERTIFICATION OF DEFENDANT

2     I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

February 18, 2022

20 PATRICK MICHAEL O'REILLY              Date

21 Defendant

22

23

24

25

26

27

28

1

### CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am Patrick Michael O'Reilly's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   guilty pleas pursuant to this agreement.

16

17   _____              February 18, 2022
    LISA LABARRE                             _____
18   Deputy Federal Public Defender           Date
    Attorney for Defendant
19   Patrick Michael O'Reilly

20

21

22

23

24

25

26

27

28