TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2229
     Facsimile: (213) 894-0141
     E-mail:    james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-00207-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT PATRICK MICHAEL O'REILLY |
| v. | |
| PATRICK MICHAEL O'REILLY, aka "Patrick Reilly," | Hearing Date: April 19, 2022 Hearing Time: 3:30 P.M. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney James A. Santiago, hereby files its Sentencing Position Regarding Defendant Patrick Michael O'Reilly, also known as "Patrick Reilly" ("defendant").

This position is based upon the attached memorandum of points and authorities, the files and records in this case, the April 7, 2022 Presentence Report (Dkt. 61, "PSR") prepared by the United

1

States Probation and Pretrial Services Office ("USPO"), the USPO's April 7, 2022 Recommendation Letter (Dkt. 60 "Rec. Letter"), and such further evidence and argument as the Court may wish to consider at the time of sentencing.

The government reserves the right to file a response to defendant's sentencing position, if necessary.

Dated: April 12, 2022           Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                     /s/ *James A. Santiago*
                                JAMES A. SANTIAGO
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Between 2017 and 2021, defendant Patrick Michael O'Reilly fraudulently represented himself as a federal law enforcement officer. He obtained and displayed a counterfeit badge and seals of the Department of Homeland Security, drove a vehicle equipped with police lights and a siren, and attempted to pass himself off to law enforcement and security guards as a federal law enforcement officer. Defendant also obtained 19 firearms, seven high-capacity magazines, batons, and tactical gear. Defendant was legally prohibited from possessing any firearms because he had previously been adjudicated as a mental defective. He pleaded guilty pursuant to a written plea agreement to possession of a fraudulent seal of a department or agency of the United States and possession of firearms by a prohibited person. (Dkts. 56 ("Plea Agr."), 59.)

The government agrees with the PSR that defendant is in criminal history category I, his total offense level is 21, and the Guidelines range is 37 to 46 months' imprisonment. For the reasons set forth below, and consistent with its obligations in the plea agreement, the government recommends the Court impose a low-end sentence of 37 months' imprisonment, followed by three years of supervised release, and a $200 special assessment.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

The government agrees that the PSR contains an accurate summary of defendant's conduct in this case. (Plea Agr. ¶ 13; PSR ¶¶ 11-24.) Beginning in or around 2017, defendant began representing himself to others as a law enforcement officer. (Plea Agr. ¶ 13; PSR ¶ 13.) As part of this image, he had a counterfeit badge,

multiple police-style vehicles, official binders with the DHS seal, tactical gear, and created the website federalprotectiveservice.com. (Plea Agr. ¶ 13; PSR ¶ 13.)

On multiple occasions, defendant said he was law enforcement. On April 14, 2019, he displayed a fraudulent badge to escort individuals at the Coachella music festival. (Plea Agr. ¶ 12; PSR ¶ 14.) On February 18, 2020, he drove a police-style vehicle while wearing tactical gear and possessing a DHS security guard manual marked "For Official Use Only." (Plea Agr. ¶ 12; PSR ¶ 17.) On March 6, 2021, he told a police officer who stopped him for driving a car without a front license plate that he was a police officer and showed the officer a DHS security guard manual. (Plea Agr. ¶ 12; PSR ¶ 23.) And on April 8, 2021 he identified himself to the Beverly Hills Police Department as a "federal cop." (PSR ¶ 24.)

On September 9, 2020, in his apartment, defendant possessed 19 firearms (pistols and rifles of various calibers), along with seven high-capacity magazines. (Plea Agr. ¶ 12; PSR ¶ 18.) He also possessed firearm holsters; two-way radios; batons; tactical gear; a Personal Identity Verification (PIV) card from "Federal Protective Services Executive Protection" with his picture identifying himself as a "Federal Protective Services Protective Security Officer"; two Dodge Charger police-style vehicles with emergency lights, push bumpers, and binders with the DHS seal labeled "Federal Protective Service Security Guard Information Manual" "For Official Use Only"; a Ford Explorer Police Interceptor with emergency lights, push bumpers, and another binder with the DHS seal; and a fraudulent law enforcement badge depicting the official DHS insignia and engraving

stating, "U.S. Department of Homeland Security" that he purchased in May of 2017. (Plea Agr. ¶ 12; PSR ¶ 18.)

### III. SENTENCING GUIDELINES

The government agrees with the Guidelines calculations in the PSR. The base offense level is 20 under U.S.S.G. § 2K2.1(a)(4)(B) and a four-level increase applies for possessing 19 firearms under U.S.S.G. § 2K2.1(b)(1). (Plea Agr. ¶ 15; PSR ¶¶ 35-41.) Defendant should receive a three-level reduction for acceptance of responsibility. (Plea Agr. ¶ 4(d); PSR ¶¶ 47-49.) Accordingly, the total offense level is 21. The criminal history category is I. (PSR ¶¶ 55-68.) The resulting Guideline range is 37 to 46 months' imprisonment. (PSR ¶ 135.)

### IV. GOVERNMENT'S SENTENCING RECOMMENDATION

Consistent with its obligations in the plea agreement, and based on its consideration of the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose a low-end sentence of 37 months' imprisonment, followed by three years of supervised release.

The government respectfully disagrees with the USPO's recommendation that the Court vary down from the Guidelines range. (Rec. Letter at 1.) A sentence within – that is, at the low end – of the Guidelines is warranted in light of the seriousness of defendant's criminal conduct, the length of his fraudulent scheme, his numerous misrepresentations to law enforcement, and his illegal possession of a cache of firearms. For years, defendant intentionally posed as a law enforcement officer and went to great length to use a counterfeit badge, seals, modified vehicles, and other gear to convince members of the public and actual law

3

enforcement officers that he was an officer with the Department of Homeland Security.  In addition to possessing these fraudulent items, defendant illegally possessed 19 firearms, and also possessed high-capacity magazines and other tactical gear.  The Guidelines adequately account for the serious nature of defendant's fraudulent, dangerous, unlawful conduct, as well as the need to protect the public from future crimes of the defendant.  Accordingly, these factors support imposition of a low-end Guidelines sentence of 37 months.

Furthermore, although defendant's criminal history is category I due to the fact that his misdemeanor convictions occurred prior to 2008, his numerous arrests for similar conduct, and his current outstanding bench warrant on an assault charge, raise substantial concerns about his respect for the law and his ability and willingness to comply with it.  (Rec. Letter at 4 ("O'Reilly has numerous and frequent arrests from 1994 to 2021 [and] respect for the law and recidivism are of significant concern"); PSR at 2 and ¶¶ 66, 71-96.)  Indeed, several of defendant's prior arrests are for similar conduct as the crimes in this case, though many did not result in convictions.  In 1999, he was arrested for false personation of a police officer (PSR ¶ 76), and for forgery (PSR ¶¶ 75, 79).  In 2002 he was arrested for obtaining money by false pretenses (PSR ¶ 83), and in 2010 he was arrested for offering a false/forged instrument and perjury.  (PSR ¶ 92.)  The Guidelines properly account for defendant's criminal history and his acceptance of responsibility.  Accordingly, a sentence at the low-end of the Guidelines range adequately accounts for the mitigating factors present in this case.

4

1    Finally, a sentence at the low-end of the Guidelines range
2 accordingly will also avoid unwarranted sentence disparities.  See
3 United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010),
4 overruled on other grounds by United States v. Miller, 953 F.3d 1095
5 (9th Cir. 2020)("Because the Guidelines range was correctly
6 calculated, the district court was entitled to rely on the
7 Guidelines range in determining that there was no 'unwarranted
8 disparity[.]'").
9    The government also recommends the Court impose a 3-year term
10 of supervised release, in light of the factors identified at 18
11 U.S.C. § 3583(c).  (See PSR ¶¶ 137-139.)  A 3-year supervised
12 release term will provide the needed additional incentive for
13 defendant to refrain from committing future crimes and will protect
14 the public from further crimes by defendant.  (See 18 U.S.C.
15 § 3583(c); 18 U.S.C. § 3553(a)(2)(B),(C).)  The government further
16 recommends that defendant refrain from contacting P.S., directly or
17 indirectly.  (Plea Agr. ¶ 2(h); Rec. Letter at 2, 5.)
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

**V. CONCLUSION**

For the reasons set forth above, the government recommends that the Court sentence defendant to 37 months' imprisonment, followed by 3 years of supervised release, and a $200 special assessment.

Dated: April 12, 2022         Respectfully submitted,

TRACY WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/ *James A. Santiago*
JAMES A. SANTIAGO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA